```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```
JOE BELCASTRO,

    Plaintiff,

v.	CASE NO. 8:09-CV-79-T-17MAP

MAXIM HEALTHCARE SERVICES,
INC., etc.,

    Defendant.

_____/


ORDER

This cause is before the Court on:

Dkt. 7  Motion to Dismiss
Dkt. 10 Response


The Amended Complaint includes the following claims: 1) Count I - Retaliation in violation of 42 U.S.C. Sec. 1981; 2) Count II - Retaliation in violation of Florida Civil Rights Act; and 3) Count III - Retaliation in violation of Title VII.

I. Standard of Review

As the Supreme Court held in <u>Bell Atlantic v. Twombly</u>, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." <u>Id.</u> at 1974 (rejecting the traditional 12(b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46

(1957). The allegations in plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor. However, the Court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the Court accept legal conclusions cast in the form of factual allegations. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1965.

I. Failure to Exhaust

Defendant moves to dismiss for failure to exhaust administrative remedies. The Amended Complaint alleges retaliation on the basis of Italian racial ancestry. The Charge of Discrimination includes only race/national origin as a basis for the Charge. Defendant argues that the current claim could not have reasonably been expected to grow out of Plaintiff's Charge of Discrimination.

Plaintiff Belcastro argues that all claims of discrimination are cognizable that are like or reasonably related to the allegations of the charge. Babrocky v. Jewel Food Company and Retail Meatcutters Union, 773 F.2d 857 (7th Cir. 1985). Plaintiff Belcastro argues that Plaintiff filed an EEOC charge alleging national origin and ethnicity discrimination and retaliation based on the complaints of discrimination. Plaintiff further argues that after the Charge of Discrimination, Plaintiff and his counsel requested that the EEOC amend the Charge to include "race." Plaintiff argues that Plaintiff has exhausted

Case No. 8:09-CV-79-T-17MAP

his administrative remedies.

After consideration, the Court **denies** the Motion to Dismiss as to this issue.

II. 42 U.S.C. Sec. 1981 Claim

Defendant moves to dismiss because Plaintiff has not alleged enough facts to assert a claim that is plausible on its face. Defendant argues that Plaintiff has not alleged that Plaintiff has distinctive ethnic or facial characteristics that could possibly set Plaintiff apart from other European descendants.

Plaintiff Belcastro responds that Section 1981 prohibits discrimination based on race and "ancestry or ethnic characteristics" in contractual relationships. St. Francis College v. Al-Khazarajii, 481 U.S. 604, 613 (1987). Plaintiff agrees that Section 1981 does not apply to retaliation claims based on national origin, but argues that it includes race discrimination against Italians. Plaintiff further argues that Plaintiff alleges in good faith that Plaintiff believed he was subjected to different terms and conditions of employment because of his Italian race.

The Court notes that Bedoya v. Hilti, 2004 WL 2857477 (S.D. Fla. 2004) was decided in the context of a motion for summary judgment. After consideration, the Court **denies** the Motion to Dismiss. Accordingly, it is

3

Case No.  8:09-CV-79-T-17MAP

**ORDERED** that the Motion to Dismiss is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 29th day of September, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record